UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNETTE J., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 23 CV 15924 <br><br> Magistrate Judge McShain |

### MEMORANDUM OPINION AND ORDER

Plaintiff Lynette J. appeals the Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion to reverse and remand [15] is denied, the Commissioner's motion for summary judgment [16] is granted, and the denial of benefits is affirmed.[1]

### Background

In July 2021, plaintiff applied for supplemental security income with an alleged onset date of April 2, 2003. [14-1] 23. The claim was denied initially, on reconsideration, and after a hearing before an administrative law judge (ALJ). [*Id.*] 23-33. The Appeals Council denied review in September 2023, *see* [*id.*] 1-7, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court [1], and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. [14-1] 25. At step two, the ALJ determined that plaintiff had the following severe impairments: asthma, hypertension, and obesity. [*Id.*] 25-26. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the severity of a listed

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [14-1], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [9].

impairment. [*Id.*] 26-27. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity (RFC) to perform light work, except that plaintiff cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, kneel, crouch, and crawl; and cannot be exposed to temperature extremes, wetness, humidity, fumes, odors, dusts, gases, or poorly ventilated areas. [*Id.*] 27-31. At step four, the ALJ held that plaintiff had no past relevant work. [*Id.*] 31. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: laundry folder (170,000 jobs), packer (120,000 jobs), and assembler (105,000 jobs). [*Id.*] 32. Accordingly, the ALJ ruled that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the case should be remanded because the ALJ did not fully and fairly develop the record. [15] 6-12. Plaintiff, who was represented by counsel at the hearing, contends that the ALJ needed to solicit a medical expert's opinion to review medical records that were submitted after the state agency reviewers considered plaintiff's claim. *See* [*id.*] 7-8. Plaintiff contends that, had the ALJ properly developed the record, there is a "possibility of a finding of disability on remand." [*Id.*] 10.

"An ALJ in a benefits hearing has a duty to develop a full and fair record." *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023) (internal quotation marks omitted). "[B]ecause disability proceedings are inquisitorial rather than adversarial, an ALJ must investigate the facts and develop arguments both for and against granting benefits." *Hally H. v. Bisignano*, No. 22 CV 7215, 2025 WL 2306822, at *1 (N.D. Ill. Aug. 11, 2025) (internal quotation marks omitted). "That said, the claimant has the principal duty to submit medical evidence, and the ALJ then supplements the record as needed by making an initial request to medical sources and following up if required." *Id.*, at *2 (internal brackets and quotation marks omitted). "Where, as here, the claimant is represented by an attorney, the ALJ's duty to develop the record is not as great as when a claimant proceeds *pro se*." *Id.*

"[T]he reviewing court defers to the ALJ on the question of how much evidence must be gathered" because "the practical reality is that no record is complete–one may always obtain another medical examination, seek the views of one more consultant, wait six months to see whether the claimant's condition changes, and so on." *Bertaud*, 88 F.4th at 1245. "A claimant must show that she was prejudiced by an omission from the record before a court will find that the [ALJ] failed to develop the record fully and fairly." *Tipareth F. v. Comm'r of Soc. Sec.*, Case No. 3:23-CV-2577, 2024 WL 4252645, at *6 (S.D. Ill. Sept. 20, 2024). "To prove prejudice, the claimant must point to specific, relevant facts that the ALJ did not consider." *Jozefyk v. Berryhill*, 923 F.3d 492, 497 (7th Cir. 2019). "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009).

Plaintiff has not shown that the ALJ failed to fully and fairly develop the record. Rather, to the extent that the record is underdeveloped, it is plaintiff who is responsible.

First, it is undisputed that plaintiff failed to attend a required consultative examination after she applied for benefits. *See* [14-1] 225. As a result of that failure, the state agency reviewer at the initial level concluded there was "insufficient evidence in [the] file to evaluate [the] severity" of plaintiff's depression. [*Id.*]. The reviewer also found that plaintiff's claim "lacks a detailed physical exam to accurately assess ROM and strength testing to determine lift/carry, stand/walk, and postural limitations. An RFC, even partial, cannot be completed with the information in [the] file." [*Id.*]; *see also* [*id.*] 227 ("Further assessment of the limitations alleged by the claimant at the current level could not be completed due to the claimant's failure to attend the scheduled PCE."). At the reconsideration level, the reviewers noted that plaintiff "fail[ed] to provide [a] completed ADL [activities of daily living] form" and that, consistent with internal Social Security Administration guidelines, a second consultative exam was not scheduled given that plaintiff did not cooperate with the "initial, written request or the follow up request for evidence or action." [*Id.*] 231. These reviewers likewise found that, "due to the claimant's failure to attend the scheduled PCE," there was "insufficient information on which to rate the claimant's allegations and the functional limitations resulting from the MDI." [*Id.*] 233.[3] To the extent the record lacks medical-opinion evidence, that is directly attributable to plaintiff's (unexplained) failure to attend the consultative exam.

---

[3] Plaintiff appears to argue that the Court cannot consider her failure to attend the consultative exam because the ALJ supposedly "d[id] not mention" the state agency reviewers' "notations" documenting this failure. [15] 10-11. The premise of this argument is false, however: the ALJ cited directly to the agency reviewers' reports documenting the failure to attend the exam and the section of the Program Operations Manual System (POMS) that instructs ALJs how to decide a case when a claimant has failed to attend a consultative exam. *See* [14-1] 31 (citing Exhibit 1A (initial disability determination), Exhibit 3A (reconsideration disability determination), and POMS DI 23007.015).

3

Second, it is also undisputed that the ALJ held the record open for three months after the February 2, 2023, hearing, but plaintiff still failed to submit a recent MRI for the ALJ's consideration. When the hearing began, plaintiff's counsel advised the ALJ that plaintiff had "an MRI of her lumbar spine in October of 2022, so we're hoping to get that in, if possible." [14-1] 204. The ALJ stated that "we will hold the record open as requested." [*Id.*]. At the end of the hearing, the ALJ said that "once the updated records come in, the updates from Loretto"–the hospital where the MRI was taken–"I will review the record and prepare a written decision at that time." [*Id.*] 222. The ALJ issued his decision on May 3, 2023–ninety days after the hearing concluded. But plaintiff did not submit the MRI (together with additional records from Loretto Hospital) until May 5, as the case was making its way to the Appeals Council. *See* [*id.*] 39, 116-18; [15] 4. Plaintiff does not argue that she and her counsel made diligent attempts to obtain the MRI records but did not receive them in time to submit them to the ALJ. *Cf.* 20 C.F.R. § 404.935(b)(3) (defining when ALJ will consider evidence submitted after hearing occurs but before decision is issued); 20 C.F.R. § 416.1470(b) (defining when Appeals Council will consider additional evidence that was not before the ALJ). Thus, to the extent the record lacked objective medical evidence that could have supported plaintiff's claim, that is also attributable to plaintiff.

Third, the ALJ acted reasonably in reviewing medical records that post-dated the state agency reviewers' consideration of plaintiff's claim without soliciting an expert opinion. "Under applicable regulations and Seventh Circuit case law, it is within the ALJ's discretion to consult a medical expert when the evidence received is inadequate to determine whether the claimant is disabled." *Purva P. v. Bisignano*, No. 23 CV 2660, 2025 WL 2721090, at *2 (N.D. Ill. Sept. 24, 2025). The ALJ "may summarize treatment notes and medical opinions," but "it is for doctors, and not ALJs, to interpret x-rays, MRIs, and other raw medical data." *Id.* Here, the records at issue were not "raw medical data" that required interpretation by an expert. Instead, they were ordinary medical records detailing plaintiff's treatment at a behavioral health clinic and for back pain. *See* [14-1] 29-31; [*id.*] 572-669.[4] The ALJ was well within his discretion in electing to review these records without consulting a medical expert. *See Purva P.*, 2025 WL 2721090, at *2.

Plaintiff's remaining challenges to the ALJ's decision lack merit. Plaintiff argues that the ALJ failed to explain how persuasive he found the state agency reviewers' opinions. *See* [15] 8. But the reviewers were unable to opine on the severity

---

[4] Plaintiff also contends that certain "positive notes" within these records, which recorded symptoms of depression, physical pain and positive exam findings, and plaintiff's self-report that she might need back surgery, suggest that her case was sufficiently complex that an expert opinion was required. *See* [15] 9-10. This argument is contrary to Seventh Circuit precedent, *see Purva P.*, 2025 WL 2721090, at *2, and, in the Court's view, an improper request that the Court reweigh the evidence and reach a different conclusion than the ALJ reached.

4

of plaintiff's impairments or her functional limitations because plaintiff failed to attend the required consultative examination. There were, therefore, no state agency opinions to evaluate. Plaintiff contends that "the ALJ should not simply rely on the absence of the MRI from the record to dismiss the relevance of that MRI," [*id.*], but nowhere in the decision did the ALJ suggest that the MRI was irrelevant. Rather, in evaluating the record to determine the severity of plaintiff's symptoms the ALJ simply noted that the record "does not contain a report of a spinal MRI that the claimant's representative stated would be in the record." [14-1] 30-31. The ALJ's observation was accurate, and plaintiff has not explained why the MRI was not timely submitted. Plaintiff insists, [*id.*] 15, that the ALJ erred by noting, in response to plaintiff's claim that she failed to complete a course of physical therapy due to insurance issues, that plaintiff "submitted no documentation such as a statement of benefits indicating that she was ever denied coverage for physical therapy." [14-1] 29. But an ALJ is obligated to explore a claimant's reasons for failing to follow through with prescribed treatment, *see Robert G. v. Bisignano*, No. 22 CV 2848, 2025 WL 1505425, at *5 (N.D. Ill. May 27, 2025), and none of the records that plaintiff cites provides objective support for her claim that "insurance issues" prevented her from completing this therapy. *See* [14-1] 660 (plaintiff's statement to nurse that "she did not get the lidocaine patch prescribed due to insurance not covering it"); [*id.*] 665 (treatment note reflecting nurse "[r]eordered lidocaine cream 5% covered by insurance"). Finally, plaintiff contends that the ALJ acted arbitrarily by not allowing her a second chance to undergo a consultative examination. [15] 11. But plaintiff never made this request at the hearing or during the ninety-day window in which the record was held open. Indeed, plaintiff's counsel represented to the ALJ that, except for the MRI and related treatment notes, the record was complete. *See* [14-1] 203-04.

Finally, even if the ALJ had failed to develop the record, plaintiff has not identified any specific, relevant facts that the ALJ did not consider. *See Jozefyk*, 923 F.3d at 497. The only evidence that was not considered by the ALJ was the October 2022 MRI. As discussed above, however, that was because plaintiff did not timely submit the MRI for the ALJ's consideration, and not because the ALJ failed to develop the record.

Because the ALJ did not breach his duty to fully and fairly develop the record in this case where plaintiff was represented by counsel at the administrative level, failed to attend a required consultative exam, and failed to timely submit evidence of an MRI even though the record was held open for three months after the hearing, the Court affirms the denial of benefits.

5

## Conclusion

Plaintiff's motion to reverse and remand [15] is denied, the Commissioner's motion for summary judgment [16] is granted, and the denial of benefits is affirmed.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: December 15, 2025**